T.C. Summary Opinion 2018-12

UNITED STATES TAX COURT

TONI HARRIS, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9538-16S.                    Filed March 13, 2018.

Toni Harris, pro se.

<u>Jason T. Scott</u>, for respondent.

SUMMARY OPINION

CARLUZZO, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in effect when the
petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

---

[1]Unless otherwise indicated, section references are to the Internal Revenue
(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated January 25, 2016 (notice), respondent determined a deficiency in petitioner's 2013 Federal income tax. The deficiency is attributable entirely to the disallowance of an American Opportunity Tax Credit petitioner claimed on her 2013 Federal income tax return (return). The issue for decision is whether petitioner is entitled to that credit.

Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in California.

At all times relevant, petitioner was employed by Walmart where she had been employed for approximately nine years as of the date of trial. While employed at Walmart, petitioner was also enrolled as an undergraduate student at San Francisco State University (SFS). During the spring 2013 semester she was registered for five courses (12 credits) but had to withdraw from each course before completing the semester because of a family medical emergency.

---

[1](...continued)
Code of 1986, as amended, in effect for the year in issue.

SFS issued a Form 1098-T, Tuition Statement, to petitioner for 2013 that, as relevant here, shows an amount billed for qualified tuition and related expenses, but "$0" for total payments made against that amount.

Petitioner's return includes a Form 8863, Education Credits (American Opportunity and Lifetime Learning Credits). On that form petitioner claimed an American Opportunity Tax Credit (AOTC) attributable to her enrollment at SFS.

In the notice respondent determined that petitioner was not entitled to the AOTC because SFS "did not verify the amount claimed on * * * [petitioner's] tax return" as payment it received for qualified tuition and related expenses.

## Discussion

According to petitioner, the expenses shown as "adjusted qualified education expenses" on the Form 8863 include the tuition and costs of a laptop computer, books, and other supplies related to the courses she was enrolled in during the 2013 spring semester at SFS. According to respondent, petitioner is not entitled to include those expenses in the calculation of the AOTC claimed on the return because, if for no other reason, she has failed to establish that she paid those expenses.

The AOTC is a modified version of the Hope Scholarship Credit. See sec. 25A(i). It provides for a credit for qualified tuition and related expenses paid by a

taxpayer for education furnished to an eligible student. The credit is equal to "(A) 100 percent of so much of the qualified tuition and related expenses paid by the taxpayer during the taxable year * * * as does not exceed $2,000, plus (B) 25 percent of such expenses so paid as exceeds $2,000 but does not exceed $4,000." Sec. 25A(i)(1). The statute defines "qualified tuition and related expenses" to include tuition and fees at an eligible educational institution that the taxpayer, the taxpayer's spouse, or the taxpayer's dependent attends, as well as course materials. Sec. 25A(f)(1), (i)(3).

Although the types of expenses included on the Form 8863 might otherwise qualify for the AOTC, the taxpayer must establish that the expenses were paid in order to be entitled to the credit. The only evidence petitioner offered to support her claim that she paid the expenses was her generalized testimony on the point. Petitioner did not provide any canceled checks, credit card statements, bank account statements, account statements from SFS, or any other document that shows that she paid any of the "qualified tuition and related expenses" shown on the Form 8863. That being so, she is not entitled to the AOTC here in dispute, and respondent's disallowance of the credit is sustained.

To reflect the foregoing,

Decision will be entered

for respondent.
